IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LENA THOMAS                        §
                                   §
VS.                                §  CIVIL ACTION NO. 4:09-CV-744-Y
                                   §
AMERICAN BROADCASTING,             §
INC. ET AL                         §

ORDER DENYING LEAVE TO PROCEED
IN FORMA PAUPERIS AND DENYING RECONSIDERATION

Before the Court is plaintiff Lena Thomas's Motion for Leave to proceed in forma pauperis (doc. #2).  Also before the Court is Thomas's Petition to Void an Order or Judgment(doc. #3).  After review, the Court will deny both and order this case dismissed.

In her petition, Thomas seeks to void a prior judgment on her claims entered by this Court, as well as four judgments entered by other courts.  This is so that she may pursue her claims, which vary from fanciful to truly disturbing, that the defendants in this case--various broadcasting companies--have conspired to steal the contents of a book she authored, *Angels Under Seige*, and to subject Thomas to various forms of abuse, including ostracization, racism, and false allegations of criminal activity.  Defendants allegedly took these actions against Thomas due to her beliefs regarding politics, religion, and race relations.

Thomas's pursuit of claims based on her writings began in the United States District Court for the Eastern District of Oklahoma. *Thomas v. Muskogee Sheriff's Dep't*, No. Civ.-05-265-S (E.D. Okla. Aug. 30, 2005).  There Thomas alleged that the defendants had

"launched a conspiracy of evil against [her] so great that it would top many of the greatest atrocities ever committed against another human being in the history of man-kind."  Thomas insisted that the defendants she sued in the Eastern District of Oklahoma had engaged in a conspiracy to isolate her from friends and family, to pirate the contents of certain writing Thomas authored, and to prevent the distribution of *Angels Under Siege*, because of her views on religion, politics, and race relations.  After providing a representative sampling of Thomas's "bizarre" allegations and noting that her complaint was "essentially a 36-page diatribe of non-specific, conclusory ranting of alleged conspiratorial, sexual, and racist conduct on the part of Defendants," the Eastern District of Oklahoma dismissed Thomas's complaint under 28 U.S.C. § 1915(e)(2)(B)(i).

Thomas fared no better in an Oklahoma state court, where she again alleged that the broadcasting companies named as defendants in this case, as well as others, had engaged in a conspiracy against her due to her beliefs.  The Oklahoma court eventually dismissed Thomas's suit for failure to state a claim after Thomas failed to respond to summary-judgment motions.  *Thomas v. Muskogee Police Dep't*, CV-2006-204 (Dist. Of Muskogee County June 23, 2006). A second attempt by Thomas to litigate her claims in the Eastern District of Oklahoma was dismissed as frivolous in January 2008. Thomas then filed her case in a Texas state court, which dismissed

2

her claims for lack of jurisdiction. *Thomas v. Am. Broadcasting, Inc*. No. 017-228233-08 (17th Judicial Dist. Ct. of Tex. July 11, 2008).

Thereafter, Thomas filed suit in this Court making the same sort of rambling and paranoid allegations as she did in the previous suits.  By this point, Thomas had cast her claims as based in copyright infringement, contending that the defendants had infringed her copyright on *Angels Under Siege*.  Thomas's complaint was initially dismissed as frivolous and as failing to state a claim because she failed to properly allege a valid copyright in the book. *Thomas v. Am. Broadcasting, Inc*., 4:08-CV-433-Y (N.D. Tex. Aug. 7, 2008).

Thomas then submitted a filing that, similar to the petition currently under review, was titled "Petition to Void an Order or Judgment."  The Court treated the petition as a motion for reconsideration, granted the motion, and reinstated Thomas's case because Thomas provided a copy of *Angels Under Siege.*  Thomas also filed an amended complaint.  After providing a sampling of the allegations made in Thomas's amended complaint, the Court concluded it consisted "of paranoid ramblings regarding her self-published book and the media's attempt to either copy her ideas or scare her into not airing her ideas in print or verbally" and that her claims were "irrational, delusional, and unbelievable."

By her current petition, Thomas again seeks to pursue claims

3

based on the defendants' alleged infringement of *Angels Under Siege.* The five previous dismissals of such claims over the course of the last four years aside, Thomas claims to have found new evidence of the defendants' conspiracy against her. And according to Thomas, all of the previous judgments against her should be voided because they were entered without jurisdiction and without affording her sufficient due process.

Thomas has not shown that it would be appropriate for this Court to pass on the validity of the judgments entered by the Eastern District of Oklahoma, the Oklahoma court, or the Texas court. *See Treadaway v. Academy of Motion Picture Arts & Sciences*, 783 F.2d 1418, 1421 & n.2 (9th Cir. 1986) (concluding district court did not abuse its discretion by dismissing suit under Federal Rule of Civil Procedure 60(b) for relief from another court's judgment based on considerations of comity); *see also Fuhrman v. Livaditis*, 611 F.2d 203, 204-05 (7th Cir. 1979) (concluding when independent action for relief from judgment is filed a district court may, in the interests of comity and judicial efficiency, defer to the court that rendered the judgment); *United States ex rel. Mosher Steel Co. v. Fluor Corp., Ltd.*, 436 F.2d 383, 384-385 (2d Cir. 1970) (same). Thomas has done nothing to call into any doubt the jurisdiction of these courts to render the judgments at issue. *Cf.* Fed. R. Civ. P. 60(b)(4); *also cf.* 11 Fed. Prac. & Proc. Civ. § 2862 (2d ed.) ("[A judgment] is void only if the court

4

that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.") (citing, inter alia, *Jackson v. Fie Corp.*, 302 F.3d 515, (5th Cir. 2002); *Williams v. Brooks*, 996 F.2d 728, 730 (5th Cir. 1993); *Briley v. Hidalgo*, 981 F.2d 246, 249 (5th Cir. 1993); *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 735 (5th Cir. 1984)).

Thomas also petitions this Court to set aside its previous judgment based on a lack of jurisdiction. Perplexingly, she does this so that she might proceed with her case before this Court. The irreconcilability of these efforts by Thomas--at once attacking the Court's prior judgment for lack of jurisdiction while seeking to invoke the Court's jurisdiction to litigate her claims--is demonstrative of the complete lack of merit presented by her case.

Finally, Thomas claims to have been deprived of due process because her case was dismissed prior to a hearing. But, of course, a party must state a claim upon which relief may be granted prior to being entitled to an opportunity to present argument or evidence. *See* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 12(b)(6). And as a party appearing pro se, Thomas's complaint was subject to review and sua-sponte dismissal under 28 U.S.C. § 1915(e). In Thomas's previous case before this Court, the Court reviewed her complaint and determined it was comprised of irrational, delusional, and unbelievable allegations and wholly failed to state

a meritorious claim.  This is sufficient to justify dismissal.  *See*
28 U.S.C. § 1915(e)(B)(2) (authorizing sua-sponte dismissal of
frivolous claims or a complaint that fails to state a claim brought
by a plaintiff proceeding pro se); *see also Denton v. Hernandez*,
504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325
(1989); *Walp v. Scott*, 115 F.3d 308, 309 (5th Cir. 1997).  Thus,
Thomas has failed to show any reason why the previous judgments
should be declared void.

Thomas has also filed a new complaint in this case and a
motion to proceed in forma pauperis.  But her new complaint is no
improvement on her previous efforts.  The complaint is a
compilation of paranoid delusions through which Thomas insists that
the defendants have conspired against her in furtherance of a
racist agenda.  Thomas avers that she has been targeted by the
defendants because of her beliefs on politics, religion, and race
relations, and because her writings extol abstinence and virtue and
cast black women in a positive light.  Defendants, on the other
hand, are alleged to profit by exploiting sex and by stereotyping
black women as ignorant and promiscuous.  Thus, Thomas alleges,
Defendants set out on a conspiracy to limit the effect of her
writing by limiting its distribution and attacking her personally.
Defendants have allegedly attempted to cast Thomas as a criminal,
a pedophile, a homosexual, and a prostitute and whore.  Thomas ties
this to her infringement claim by arguing that this identifies her

with a promiscuous and otherwise negative female character in her book.

Defendants allegedly effected this smear campaign by infiltrating the media and Thomas's everyday life with messages, both subliminal and express. Thomas claims that messages attacking her can be found in everything from internet websites to television commercials. Thomas insists that advertising campaigns by national companies, such as Staples and Geico, that use the word easy are referring to her sexual practices. Defendants have broken into Thomas's apartment, according to her complaint, placed listening devices and a camera there, and stolen trivial items like a calculator and groceries. Defendants have also placed a listening device in Thomas's phone, and they spy on her internet activities. In fact, Defendants have gone so far as to hire people and strategically place them in Thomas's life in order to further their assault on Thomas's character.

Thomas further alleges that Defendants have conspired to isolate her from friends, family, and acquaintances. Indeed, Thomas contends that Defendants have interfered with her potential romantic relationships with black men by characterizing her as old, decrepit, and mannish. This is, she says, apparently an attempt to force her to submit to white men. Thomas posits that this, along with Defendants' alleged copying of her book, is an effort to subject her to modern-day slavery.

Perhaps most disturbing are Thomas's allegations that the
Defendants have, and continue to, drug, hypnotize, and brainwash
her so that she can be molested, raped, and sexually mutilated. At
various points in the complaint, Thomas insists that, despite the
assaults committed against her, she is attractive and capable of
performing sexually.

While not as shocking as these claims, Thomas's allegations of
copyright infringement are equally frivolous.  Thomas points to
instances of various television programs depicting interracial
romantic relationships as instances of infringement.  Thomas's book
also deals with an interracial relationship but beyond the
coincidence of this very generic theme, Thomas points to no
specific similarities between her book and the television programs
to show that the programs infringed upon her book.  The other
alleged instances of infringement are even more meritless.
According to Thomas, various works infringed upon her book because
they used common phrases also used in her book, such as "misty
eyed," made passing reference to angels, used the word siege, or
even because the work used a number also used in Thomas's book.

Ultimately, Thomas's allegations are more indicative of a
person suffering from mental-health issues than a person who has
suffered copyright infringement.  In any event, Thomas has sought
leave to proceed in forma pauperis, something that is regarded as
a privilege in this circuit and may be denied, particularly if

abused.  *See James v. Alfred*, 835 F.2d 605, 606 (5th Cir. 1988) ("The claim of one seeking in forma pauperis status must cross the threshold of litigation worthiness."); *Dilworth v. Dallas County Cmty. College Dist.*, 81 F.3d 616, 617 (5th Cir. 1996); *Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981).  Thomas's allegations have been reviewed by several courts and on several occasions. Each time they have been demonstrated to be frivolous.  They are frivolous still.  Despite the length of her complaint and the breadth of its allegations, Thomas fails to identify any single specific plausible incidence of actionable conduct against her by Defendants.

Accordingly, Thomas's motion for leave to proceed in forma pauperis is DENIED and her petition to void judgments is DENIED. And, pursuant to this Court's duty to review the pleadings of a plaintiff seeking to proceed in forma pauperis, and under this Court's inherent powers, Thomas's complaint is ORDERED DISMISSED. *See James*, 835 F.2d at 606 (discussing how to analyze "whether a case should be allowed to proceed IFP or be dismissed as frivolous"); *Lozano v. Ocwen Fed. Bank*, 489 F.3d 636, 642 (5th Cir. 2007) (concluding a district court is "authorized to consider the sufficiency of the complaint on its own initiative" and may dismiss "as long as the procedure employed is fair").  Thomas is cautioned that this Court has the power to assess sanctions against her for frivolous filings and that she will be denied leave to proceed in

9

forma pauperis in any future actions involving the current allegations filed in this Court. *See* Fed. R. Civ. P. 11.

Finally, because Thomas's case is being dismissed, Thomas's Motion in Objection (doc. #7), which seeks relief from this Court's order unfiling her certificate of interested persons for failure to comply with the local rules, is DENIED as MOOT.

SIGNED: January 26, 2010.

_Terry R. Means_
_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE